# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WILLIAM ROY WILLIS, )
        Petitioner, )
        )
vs. ) CIVIL ACTION NO.: CV614-031
        )
JOSE MORALES, Warden, )
        Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Willis ("Willis"), who is currently incarcerated at Calhoun State Prison in Morgan, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Superior Court of Toombs County, Georgia. Respondent filed an Answer-Response and a Motion to Dismiss. Willis filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Willis' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Willis was convicted in the Toombs County Superior Court of criminal attempt to commit murder, after he entered a guilty but mentally ill plea, on February 22, 2010. On that same date, Willis was sentenced to a split sentence of 30 years—21 years' imprisonment to be followed by nine (9) years' probation. Willis did not file a direct appeal. (Doc. No. 15-1).

Willis filed an application for writ of habeas corpus in the Lowndes County Superior Court on June 10, 2011. (Doc. No. 15-2). The Lowndes County Superior Court denied Willis' application by order dated June 26, 2013. (Doc. No. 15-3). The Georgia Supreme Court dismissed Willis' appeal on January 21, 2014, because Willis failed to file the requisite certificate of probable cause to appeal within 30 days of the order denying his petition for writ of habeas corpus. (Doc. No. 15-4).

Willis also filed an application for writ of habeas corpus in the Calhoun County Superior Court on March 13, 2013. (Doc. No. 15-5). The Calhoun County Superior Court dismissed this application as successive under O.C.G.A. § 9-14-51 by order dated July 29, 2013. (Doc. No. 15-6). The Georgia Supreme Court dismissed Willis' appeal on February 24, 2014, because Willis failed to file an application for certificate of probable cause to appeal. (Doc. No. 15-7).

In this petition, which was executed on March 10, 2014, Willis asserts that his attorney rendered ineffective assistance because his attorney intentionally misled him to believe he would get a far less severe sentence by entering a guilty plea. Willis also asserts that he was held in pretrial detention for 26 months without a trial and was denied a lower bond. Willis contends that the trial court delayed his possibility for parole, which rendered him unable to file his habeas corpus petition in a timely manner (ground 3(ii)). Willis alleges that he was coerced into entering a guilty plea. Respondent contends that the majority of Willis' petition was filed untimely and should be dismissed. Respondent contends that ground 3(ii) of Willis' petition should be dismissed because Willis did not properly exhaust his state remedies.

2

## DISCUSSION AND CITATION TO AUTHORITY

I. **Timeliness of petition**

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

- (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

- (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Willis' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Willis was sentenced in the Toombs County Superior Court on February 22, 2010, and he did not file a direct appeal. Willis had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Thus, his conviction became final

AO 72A
(Rev. 8/82)

on or about March 24, 2010. Because Willis' conviction became final on March 24, 2010, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Willis' conviction became final on March 24, 2010, and he filed his first state habeas corpus petition on June 10, 2011. (Doc. No. 15-1). By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was no time remaining in that limitations period to toll. Willis' petition, which was executed on March 10, 2014, was not timely filed with one (1) exception, which will be discussed in Section II of this Report.

## II. Failure to exhaust state remedies

Respondent contends that, although Willis raised the issue of his parole eligibility and jail credit in his state habeas proceedings, such a claim is not cognizable under Georgia law in a habeas corpus proceeding. Rather, Respondent asserts, such a claim must be raised in a mandamus petition. Respondent alleges that this issue was not raised properly, and the state courts did not have a fair opportunity to consider this claim.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

"[A] petition for writ of mandamus is the proper vehicle for challenging parole decisions in Georgia." Day v. Hall, 528 F.3d 1315, 1317 (11th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008); Johnson v. Griffin, 271 Ga. 663, 522 S.E.2d 657 (1999). There is no evidence before the Court that Willis filed a

petition for writ of mandamus to challenge his jail time credit or eligibility for parole. Thus, Willis failed to properly exhaust ground 3(ii) of this petition, and this ground should be dismissed, without prejudice.[1]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Willis' petition for writ of habeas corpus be **DISMISSED**, with prejudice, as it was not timely filed. The enumeration of error at ground 3(ii) should be **DISMISSED**, without prejudice, as Willis failed to exhaust his state remedies prior to the filing of this cause of action.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of September, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Willis raised this issue in his first state habeas petition, and he was informed that this issue did not raise a cognizable claim for habeas relief. (Doc. No. 15-3, p. 12).

7